THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK J. COLLINS, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered July 14, 1978, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony. The record contains testimony that on November 9, 1977, at about 11:45 P.M., Alice Race drove her car into her garage from the public highway fronting her residence. About 20 minutes after garaging her car she observed what appeared to be car headlights shining on her garage door with an increasing brightness until suddenly the light was shut off. She could hear a motor running and after awaking her husband she looked out of the house and saw a car sitting in her driveway with its parking lights on and its motor running. Her husband investigated and he testified that he went outside and looked into the car and, upon seeing the defendant slumped on the steering wheel, apparently asleep, he returned inside. Since the Races did not know the defendant or his car, they called the Sheriff for assistance. Two Deputy Sheriffs testified that they promptly responded to the dispatcher's report and upon arrival they attempted to awaken the defendant by rapping on the car window, but he did not arouse. To assist the Races, they opened the car door and, after turning off the car engine, one of them shook the defendant until he awoke. Mr. Race testified that the defendant told the officers that he was "resting". The Deputies testified that

when the car door was opened the defendant smelled strongly of intoxicants —alcohol, that his speech was slurred and that he tended to fumble while getting out his identification papers, all of which occurred while he was still seated in his car. Thereupon they ordered him out of his car and he was arrested for driving while intoxicated. After being advised of his rights to refuse and its consequences, the defendant consented to a breathalyzer test. The results of that test were admitted in evidence over objection and the percentage of alcohol exceeded the amount of 0.10%. The defendant was charged with operating a motor vehicle while under the influence of alcohol, as a felony, in a two-count indictment based upon observed intoxication and the excessive amount of blood alcohol, in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law. The jury convicted him on both counts and he was sentenced to 60 days imprisonment (intermittent on weekends) and probation of 4 years and 10 months. Upon this appeal the defendant initially contends that the judgment must be reversed as a matter of law because the opening statements were not recorded or transcribed. The defendant urges that in the case of *People v Glass* (43 NY2d 283) it was held that all such trial proceedings must be recorded and transcribed. The record does not indicate any objection by the defendant to the opening statement or summation of the District Attorney and as in the *Glass* case (p 287) "He made no serious attempt to show that there were inadequate means from which it could be determined whether appealable and reviewable issues were present". The defendant has completely failed to establish any substantial merit to this contention and we find no denial of any of his fundamental rights in this regard (cf. *People v Rivera,* 39 NY2d 519). The defendant also submits that the Deputies lacked authority to arrest him without a warrant in the driveway of the Race residence. As the defendant points out, there would be no basis for an arrest pursuant to section 1193 of the Vehicle and Traffic Law because there was no collision or accident involving the defendant. Further, it appears that the actual operation of the vehicle did not occur in the presence of the Deputies on a public or private highway open to public traffic, and thus, an arrest pursuant to CPL 140.10 (subd 1, par [a]) would not be upheld. However, CPL 140.10 (subd 1, par [b]) provides for a warrantless arrest where a police officer "has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." Insofar as a reasonable cause to believe that defendant operated his car on the public highway in front of the Race residence is concerned, it is noted that the police officers found defendant resting his head on the steering wheel upon property where he had no permission to be while the vehicle was running and he smelled of intoxicants. There is ample circumstantial evidence that he operated his car on the highway and was intoxicated. It far exceeds the amount necessary for probable cause for concluding defendant was intoxicated and he operated his vehicle on the public highway *(People v Valentine,* 17 NY2d 128). Our resolution of this issue also requires the rejection of the defendant's contention that the evidence obtained subsequent to the arrest was "tainted" and inadmissible. Finally, the record evidence as recited above is sufficient to establish guilt by circumstantial evidence beyond a moral certainty *(People v Blake,* 5 NY2d 118) and, in the absence of any explanation by the defendant of his conduct, the possibility of an innocent explanation, although arguable to a jury, is mere speculation. Judgment affirmed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.