STATE of North Dakota, Plaintiff and Appellee,

v.

Scott R. ROUGEMONT, Defendant and Appellant.

Cr. No. 878.

Supreme Court of North Dakota.

Oct. 31, 1983.

27–17–03, N.D.C.C.

Arne F. Boyum, Sp. State's Atty., Rolla, for plaintiff and appellee State of N.D.

Ardell Tharaldson, of Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Scott R. Rougemont appealed from the conviction of possession of marijuana with intent to deliver in violation of Section 19–03.1–23(1), N.D.C.C. He was sentenced to serve seven years in the North Dakota Penitentiary. We affirm.

Rougemont was tried jointly with Maximillion A. Heart. The facts of the present case have been set forth in *State v. Heart,* 334 N.W.2d 479 (N.D.1983).

On appeal Rougemont raises many of the issues considered in *State v. Heart, supra.* Insofar as those issues are concerned, we adhere to that decision. He also presents two new issues. He contends that the trial court committed reversible error when it failed to inform each defendant of the dangers of dual representation. Rougemont also maintains that the court reporter's failure to record the jury voir dire and the opening and closing arguments of counsel constitutes reversible error.

I

Rougemont argues that this court would reverse his conviction if we were to adopt retroactively the procedure prescribed by the Minnesota Supreme Court in *State v. Olsen,* 258 N.W.2d 898 (Minn.1977). In *Olsen* the court prospectively adopted the rule that the trial court has an affirmative duty to warn codefendants of the potential dangers of dual representation. The court articulated the following procedure:

"The [trial] court should address each defendant personally and advise him of the potential danger of dual representation. The defendant should have an opportunity and be at liberty to question the trial court on the nature and consequences of dual representation and the entire procedure should be placed on the record for review. When satisfactory inquiry does not appear on the record, the burden shifts to the state to demonstrate beyond a reasonable doubt that a prejudicial conflict of interests did not exist." 258 N.W.2d at 907–908.

The procedure prescribed by the Minnesota Supreme Court is similar to Rule 44(c) of the Federal Rules of Criminal Procedure. Both procedures are designed to prevent potential conflicts arising from "the possibility of inconsistent pleas, factually inconsistent alibis, conflicts in testimony, differences in degree of involvement in the crime, tactical admission of evidence, the calling and cross-examination and impeachment of witnesses, or strategy in final summation." *Olsen,* 258 N.W.2d at 905. See also Rule 44(c), F.R.Crim.P., explanatory note.

This court has not adopted the language of Rule 44(c), F.R.Crim.P. See Minutes of N.D. Joint Procedure Committee, October 15–16, 1981. Furthermore, in the present case, none of the potential problems arising from dual representation occurred. The tri-

al attorney for Rougemont and Heart did not encounter any conflict of interest. From the time that Rougemont and Heart met at the bar until they were apprehended at the Border, they were together. Although Heart testified and Rougemont did not, Heart's proffered explanation of their traveling together equally exculpated them.

The facts of this case indicate that even if this court were to adopt the procedure articulated by the *Olsen* court and Rule 44(c), F.R.Crim.P., Rougemont would not be entitled to a new trial. The *Olsen* court declared that the State must demonstrate beyond a reasonable doubt that a prejudicial conflict of interest did not exist when a satisfactory inquiry by the trial court does not appear on the record. Rule 44(c), F.R. Crim.P., provides that the trial court shall take measures to protect a defendant "[u]nless it appears that there is good cause to believe no conflict of interest is likely to arise." Thus, even when there is an affirmative duty to inform the defendants of potential dangers, "[t]he failure in a particular case to conduct a rule 44(c) inquiry . . . [does] not, standing alone, necessitate the reversal of a conviction of a jointly represented defendant." Rule 44(c), explanatory note. We believe that the circumstances of this case indicate beyond a reasonable doubt that no conflict of interest existed and that there is good cause to believe that no conflict of interest arose. We therefore decline to reverse Rougemont's conviction.

## II

■ Rougemont also contends that his conviction should be reversed because the court reporter failed to record the jury voir

dire and the opening and closing arguments. He maintains that this failure to transcribe is per se reversible error for two reasons: He interprets Section 27–06–03, N.D.C.C., to require the court reporter to record the jury voir dire and arguments of counsel, and he claims that because his trial counsel is not representing him on appeal his present counsel cannot ascertain whether or not any error occurred during the jury voir dire and the arguments of counsel.

Section 27–06–03, N.D.C.C., provides:

"*Duties of district court reporter.* Each district court reporter shall attend the district court sessions whenever the appointing judge shall so direct and shall take in shorthand all testimony given orally by the witnesses, all objections and rulings made and exceptions taken, any instructions given orally by the court, and all other proceedings at the hearing or trial not otherwise reduced to writing or as directed by the judge. District court reporters shall perform such other duties relating to the court as the appointing judge directs." [1]

This court has construed Section 27–06–03 in both civil and criminal cases.[2] In *Square Butte Electric Cooperative v. Dohn,* 219 N.W.2d 877 (N.D.1974), we held that the court reporter's failure to record oral arguments and oral motions at a hearing for an application for a permit to enter property did not justify a reversal of the trial court's order, nor a remand for a rehearing. We recognized that the statute specifically mentions certain aspects of a court's session, such as testimony, objections, rulings, and instructions. We also noted that the phrase "all other proceedings at the hearing

---

1. In 1979 the Legislature amended Section 27–06–03 by adding to the first sentence the phrase "or as directed by the judge." The legislative history does not specify the reason for the addition.

Compare Rule 11(f), N.D.R.Crim.P., which requires a verbatim record of proceedings when a defendant enters his plea. It specifically requires that a verbatim record shall be made of "the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea."

2. Rule 59(b), N.D.R.Civ.P., also provides a basis for an appellant, in both civil and criminal cases, to obtain a new trial,

"8. If without fault or negligence on the part of the party aggrieved, such party is unable to obtain or secure a correct and complete transcript of the testimony and instructions given and proceedings had at the trial." See *Ranes Motor Co. v. Thompson,* 251 N.W.2d 741 (N.D.1977).

or trial not otherwise reduced to writing" encompasses other aspects of a session. We harmonized the specific and general language, stating that in the absence of a request that the court reporter record the oral arguments and oral motions at the hearing, there were no grounds for a reversal or remand. We then suggested that the court reporters' association develop a method of reporting that would indicate to attorneys when a reporter, who is present at a session, is not recording the proceeding. We stated that the new procedure would aid attorneys in making timely requests for the recording of the proceeding.

In *State v. Hapip,* 174 N.W.2d 717 (N.D. 1969), this court reversed the conviction and remanded for a new trial because there was no transcript of *any portion of the trial.* We based our reversal upon Chapter 27–06, N.D.C.C., which describes the duties of a district court reporter, and upon Section 29–24–02(8), N.D.C.C., which specifies the grounds for a new trial.[3]

In the present case, Rougemont's lawyer on appeal did not represent him at the trial, nor does the record indicate that Rougemont was aware that the reporter was not recording the jury voir dire and arguments of counsel, even though the common practice probably is to not record them. The record, however, does not reflect that Rougemont's trial attorney objected during the jury voir dire or the opening and closing arguments of the prosecution. See *People v. Collins,* 70 A.D.2d 986, 417 N.Y.S.2d 819 (N.Y.App.Div.1979) [no error as a matter of law where defendant failed to object to the district attorney's opening argument]. Nor does the record indicate that the trial attorney requested the voir dire and arguments of counsel to be recorded. Rougemont's trial attorney may have preferred that the reporter not record the arguments for tactical reasons. See *United States v. Piascik,* 559 F.2d 545, 549 (9th Cir.1977) ["defendant's trial counsel may have felt that he would have more leeway in his closing argument if it was not recorded"].

Rougemont contends that our State statute describing the duties of court reporters, Section 27–06–03, N.D.C.C., is similar to the Federal statute that discusses the duties, 28 U.S.C. § 753(b).[4] He then concludes that we should adopt the two standards of review for motions for new trials based upon incomplete transcripts set forth in *United States v. Selva,* 559 F.2d 1303 (5th Cir.1977). See also *United States v. Renton,* 700 F.2d 154 (5th Cir.1983).

In *Selva* the Court of Appeals created separate standards of review for granting a new trial when a defendant is represented on appeal by his trial attorney and when a defendant is represented on appeal by a different attorney. The Court declared that when a defendant's trial attorney represents him on appeal, the defendant "must show that failure to record and preserve the specific portion of the proceedings visits a hardship on him and prejudices his appeal." *Selva,* 559 F.2d at 1305. The Court stated that if the defendant is represented on appeal by different counsel, "the absence of a substantial and significant portion of the record, even absent any showing of specific

3. Section 29–24–02(8), N.D.C.C., which has since been superseded by Rule 33(a) of the North Dakota Rules of Criminal Procedure, provided for a new trial, "[w]hen the defendant, without fault or negligence on his or her part, is unable to procure a correct and complete transcript of the evidence given and the proceedings had at the trial." See also Rule 59(b)(8), N.D.R.Civ.P.

4. Section 753 of 28 U.S.C. provides, in part:
"(b) One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of the court or by one of the judges, and shall record verbatim by shorthand or by mechanical means which may be augmented by electronic sound recording subject to regulations promulgated by the Judicial Conference: (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court as may be requested by any party to the proceeding. The Judicial Conference shall prescribe the types of electronic sound recording means which may be used by the reporters."

prejudice or error, is sufficient to mandate reversal." 559 F.2d at 1306. The Court of Appeals found that failure to record the arguments of counsel signified that the defendant lacked a substantial and significant portion of the record. Because the defendant was represented by a different attorney on appeal, the defendant did not need to show specific prejudice or error.

The Fifth Circuit, however, has questioned the merits of its dual standard of review: "This anomalous rule seems to invite the manipulation of appellate causes to achieve unmerited reversals." *United States v. Smith,* 591 F.2d 1105, 1109, n. 1. And other courts have required an allegation of prejudice or irregularity. See, e.g., *United States v. Weiner,* 578 F.2d 757 (9th Cir.1978), *cert. denied* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978); *Benton v. State,* 394 So.2d 474 (Fla.Dist.Ct.App.1981); *Sinns v. State,* 248 Ga. 385, 283 S.E.2d 479 (1981); *State v. Newman,* 326 N.W.2d 796 (Iowa 1982); *State v. Tripp,* 52 N.C.App. 244, 278 S.E.2d 592 (1981); *State v. Bolling,* 246 S.E.2d 631 (W.Va.1978).

Although our statute containing the language "all other proceedings" appears similar to the Federal statute containing the language "all proceedings" our statute is significantly different. Section 27–06–03 lists specific aspects of court sessions that a court reporter is to record; the Federal statute gives equal emphasis to all aspects of court sessions. Under Section 27–06–03 if parties want events recorded that are not specified in the statute, they must request the court reporter to record them. *Square Butte Electric Cooperative v. Dohn, supra.*

Rougemont's counsel did not request that the court reporter record the jury voir dire and the opening and closing arguments of counsel, nor did he on the record object to how these events proceeded. We therefore reject his argument that the failure to record the jury voir dire and the arguments of counsel is per se reversible error.

The judgment of conviction is affirmed.

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section 27–17–03, N.D.C.C.

ERICKSTAD, C.J., SAND and PEDERSON, JJ., and PAULSON,* Surrogate Justice, concur.