**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Werner KUNKEL, Defendant and Appellant.**

**Cr. No. 1039.**

Supreme Court of North Dakota.

April 24, 1985.

Lewis C. Jorgenson, State's Atty. (argued), Devils Lake, for plaintiff and appellee.

Werner Kunkel, Bismarck, pro se.

ERICKSTAD, Chief Justice.

Werner Kunkel appeals from an order of the District Court of Ramsey County deny-

ing his application for post-conviction relief. We affirm.

Kunkel was tried by a jury in the district court and found guilty of reckless endangerment. The relevant facts are recited in our earlier opinion in which we affirmed Kunkel's conviction. *State v. Kunkel,* 338 N.W.2d 635 (N.D.1983).

On December 13, 1983, Kunkel filed with the district court, pursuant to Chapter 29–32, N.D.C.C., an application for post-conviction relief in which various issues of law and fact were raised. Following a hearing held on April 23, 1984, the court denied the application. On appeal, Kunkel contends that his conviction should be reversed because he was (1) denied his Sixth Amendment right under the United States Constitution to effective assistance of counsel; (2) denied due process and equal protection under the Fourteenth Amendment by the failure of the court reporter to record opening and closing arguments of counsel; and (3) prejudiced by remarks allegedly made by the prosecutor during closing arguments.

■ A defendant who claims that he received actual ineffective assistance of counsel under the Sixth Amendment must establish two elements: that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Schlickenmayer,* 364 N.W.2d 108 (N.D.1985); *State v. Thompson,* 359 N.W.2d 374 (N.D.1985); *State v. Patten,* 353 N.W.2d 30 (N.D.1984). Kunkel has identified several alleged acts and omissions by his trial counsel which he argues are not the result of reasonable professional judgment.

We begin our application of the general standards set forth in *Strickland,* 104 S.Ct. at 2064–69, with a brief discussion of Kunkel's concern over his waiver of the preliminary examination, allegedly upon the advice of counsel. The record reveals that Kunkel was informed in his initial appearance of the purpose of the preliminary examination, his right thereto and his right to waive the proceeding if he so desired. Kunkel signed a written statement indicating that he understood his rights and was waiving the preliminary examination. He apparently now contends that by waiving the preliminary examination he was deprived of a means by which his counsel might have discovered inconsistencies in the testimony of the State's witnesses prior to trial.

■ Rule 5.1, N.D.R.Crim.P., provides that an accused may cross-examine witnesses testifying against him and may introduce evidence in his own behalf during the preliminary examination, the purpose of which is to determine if a crime has been committed and if probable cause exists requiring the accused to stand trial. It follows that this important procedural device should not be hastily disregarded as a mere formality, as it provides, among other things, an opportunity to fashion a vital impeachment tool for use in cross-examination of the State's witnesses at trial and a means by which counsel can more effectively discover the State's case and make possible the preparation of a proper defense to meet that case at trial. *See Coleman v. Alabama,* 399 U.S. 1, 9, 90 S.Ct. 1999, 2003, 26 L.Ed.2d 387 (1970); *Crowe v. State,* 86 S.D. 264, 194 N.W.2d 234, 239 (1972).

■ Nevertheless, there could be in some instances a number of valid reasons why experienced defense counsel might wish to advise a defendant that he waive the preliminary examination under the circumstances of a particular case. *E.g., Garland v. Maggio,* 717 F.2d 199, 206 (5th Cir.1983); *State v. Quatsling,* 125 Ariz. 255, 609 P.2d 70, 72 (1980); *Crowe v. State,* 194 N.W.2d at 239. It is for counsel, not appellate courts, to decide on trial strategy. *State v. Motsko,* 261 N.W.2d 860, 864 (N.D. 1977). We are unable to conclude from the record that there were no valid reasons for counsel's advice that Kunkel waive the preliminary examination (assuming for sake of argument that such advice was given). Counsel's failure to articulate on the record the reasons for advising Kunkel that he should waive the preliminary examination

does not support a claim of ineffective assistance of counsel. *Crowe,* 194 N.W.2d at 239.

■ The conclusory nature of Kunkel's additional allegations of deficient performance by his trial counsel, including the failure to call certain witnesses at trial and the failure to conduct an adequate pre-trial investigation of the case, do not constitute a showing sufficient to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or, in other words, constitutes action which "might be considered sound trial strategy." *Strickland,* 104 S.Ct. at 2066; *Schlickenmayer,* 364 N.W.2d at 112; *Thompson,* 359 N.W.2d at 377.

After having carefully examined the record and transcript of trial, we are convinced of the accuracy of the district court's observation that Kunkel's trial counsel was "thoroughly conversant with the facts or events giving rise to this prosecution," as "demonstrated by his cross-examination of the State's witnesses, his motions relative to witnesses and presentation of testimony and exhibits for the defendant."

As Kunkel has not shown us that the performance of his trial counsel was deficient, we cannot say that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland,* 104 S.Ct. at 2064.

Kunkel's remaining contentions, that of the court reporter's failure to record the opening and closing arguments of counsel and alleged prosecutorial misconduct, are somewhat related to his claim of ineffective assistance of counsel. Kunkel asserts that his counsel ineffectively assisted him by not raising these issues in his prior direct appeal.

In *State v. Rougemont,* 340 N.W.2d 47 (N.D.1983), this Court rejected the contention that the court reporter's failure to record the jury voir dire and the opening and closing arguments of counsel, notwithstanding the language of Section 27–06–03, N.D.C.C.,[1] and in light of the fact that the defendant had new counsel representing him on appeal, was per se reversible error in the absence of an allegation of prejudice or irregularity, a request to record the jury voir dire and arguments of counsel, and an objection on the record as to how the unrecorded events proceeded. *See also State v. Jensen,* 333 N.W.2d 686, 693 (N.D.1983).

■ We rejected in *Rougemont* the "anomalous rule" of *United States v. Selva,* 559 F.2d 1303, 1306 (5th Cir.1977), grounded on the provisions of the Court Reporter Act, 28 U.S.C. § 753(b), and relied upon by Kunkel, that if the defendant is represented on appeal by different counsel, "the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal." *Rougemont,* 340 N.W.2d at 50–51. If parties want these events recorded, they must request the court reporter to record them. *Id.* at 51.

■ In ruling on Kunkel's application for post-conviction relief, the district court noted that the court reporter inquired of the parties whether or not the jury voir dire or arguments of counsel were to be recorded, and that counsel for both parties declined to have either recorded. Kunkel's trial counsel, who also represented Kunkel on his direct appeal following his conviction, may have preferred that the reporter not record the arguments for tactical reasons. *Rougemont,* 340 N.W.2d at 50. Therefore, even though Kunkel alleges the occurrence of an irregularity during closing arguments, we will not through hind-

---

**1.** Section 27–06–03, N.D.C.C., provides:
  "Each district court reporter shall attend the district court sessions whenever the appointing judge shall so direct and shall take in shorthand all testimony given orally by the witnesses, all objections and rulings made and exceptions taken, any instructions given orally by the court, and all other proceedings at the hearing or trial not otherwise reduced to writing or as directed by the judge. District court reporters shall perform such other duties relating to the court as the appointing judge directs."

sight second-guess counsel's decision and conclude that, at the time of trial, his failure to have such arguments recorded was unreasonable.

■■■ The burden of establishing a basis for post-conviction relief rests upon the petitioning defendant. *State v. Gilley*, 289 N.W.2d 238, 241 (N.D.1980). Contained in the record are the affidavits of two jurors[2] and a defense witness which support Kunkel's allegation that the prosecutor made certain statements during closing arguments including: "I think he's as guilty as hell," and "He's like a Nazi criminal living in World War Two Germany under the Hitler regime."

The prosecutor denies having referred to Kunkel as a "Nazi" and his denial is supported by affidavits submitted by a juror, Kunkel's trial counsel, a defense witness, the county sheriff, and the clerk of the district court. In its memorandum decision, the district court, in support of its conclusion that there was nothing said in closing arguments "so prejudicial as to cause the jury to suspend its own judgment," said:

"This Court is unable to recollect the specific language of counsels' statements and arguments. The trial was hotly contested by seasoned and experienced lawyers and as expected there were adroit statements and arguments by both counsel touching credibility, the type of crime being considered, the time of its occurrence, the persons involved and their conduct, and the suborning of evidence and testimony, and the claim of each lawyer that its or his case was supported by the evidence offered by the party, and by the opposing party as well. Neither counsel apparently was of a mind that the other lawyer's argument was objectionable as no objection was lodged by either lawyer

during argument nor was there a motion for a mistrial.

\* \* \* \* \* \*

"This Court is not convinced by a preponderance of the evidence that there were statements, arguments or trial procedures that were prejudicial to the rights of the defendant."

■■■ The scope and substance of the opening and closing arguments of counsel are under the control and discretion of the trial court, and this exercise of discretion will not be reversed by this Court on the ground that an argument to the jury was prejudicial unless a clear abuse of discretion is shown. *State v. Carr*, 346 N.W.2d 723, 726 (N.D.1984); *State v. Hilsman*, 333 N.W.2d 411, 413 (N.D.1983); *State v. Skjonsby*, 319 N.W.2d 764, 795 (N.D.1982).

■■■ The jury was told by the district court in preliminary instructions that statements and arguments of counsel are not evidence. Furthermore, in final instructions the jury was told

"that if during trial or in the heat of argument, counsel upon either side has made statements which are not supported by the evidence in the case, or if counsel have expressed their opinion or belief regarding any of the facts and issues in this case, it is your duty to wholly disregard such statements and to decide this case solely and exclusively upon the evidence and these instructions."

Under these circumstances, and in light of the district court's findings, we find no grounds for granting post-conviction relief.

The district court's order denying Kunkel's application for post-conviction relief is affirmed.

---

**2.** Rule 606(b), N.D.R.Ev., prohibits testimony regarding certain conduct by the jurors which has no verifiable outward manifestations. Absent outward manifestations of a verdict arrived at by chance, extraneous prejudicial information, or improper outside influence, a juror will not be permitted to impeach a verdict. Rule 606(b), N.D.R.Ev.; *State v. Bergeron*, 340 N.W.2d 51, 57 (N.D.1983); *State v. Sheldon*, 301 N.W.2d 604, 614–15 (N.D.1980), *cert. denied*, 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981).

The State does not question the propriety of using juror affidavits as evidence of prosecutorial misconduct. The affidavits may properly fall within the scope of the exceptions to Rule 606(b); however, we need not decide that in this case because the issue has not been raised.

VANDE WALLE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

Surrogate Justice PEDERSON participated in this case by assignment pursuant to § 27–17–03, N.D.C.C.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.