**Marie DuPaul LITHUN, Plaintiff and Appellee,**

v.

**Michael DuPAUL, Defendant and Appellant.**

**Civ. No. 890201.**

Supreme Court of North Dakota.

Dec. 20, 1989.

Michael O. DuPaul, Minot, pro se.

Kapsner and Kapsner, Carol Ronning Kapsner (argued), Bismarck, for plaintiff and appellee.

MESCHKE, Justice.

Marie Lithun and Michael DuPaul were divorced in 1986. Custody of their children, Jason and Tina, was placed with Marie. In 1988, on Marie's motion, the trial court restricted Michael's visitation with the children. We affirmed the restrictions. *Lithun v. DuPaul*, 447 N.W.2d 297 (N.D. 1989). This is a petty sequel.

Four months after the trial court restricted visitation, Michael moved "for an order granting Jason the right to use the saxophone his natural father has for him, so Jason will not have to be embarrassed and humiliated daily by the other children." Marie responded that she had "no objection to [Mr. DuPaul] mailing a saxophone to [their son] or delivering the saxophone ... at a supervised visit." The trial court dismissed Michael's motion as failing "to present a valid claim." Michael appealed.

The trial court gave several reasons for the dismissal. First, the saxophone subject had been considered and decided in restricting visitation. Second, use of the saxophone by Jason was for the custodial parent to decide, not the court. Finally, the trial court reasoned that "holding a hearing ... would not result in any meaningful relief and only cause further expenses for the custodial parent and the court system." We agree with the trial court.

A trial court should act with "great caution and reluctance," as the trial court said it did here, in refusing a hearing on a motion about custody or visitation. Nonetheless, when such a motion has no visible merit, a trial court may dismiss it without holding a hearing. *See Patten v. Green*, 369 N.W.2d 105 (N.D.1985). This motion submitted nothing new. It only perpetuated an unpleasant dispute over a subject recently decided and pending appeal. We affirm dismissal of this motion.

Characterizing this appeal as frivolous, Marie asked for an award of litigation costs against Michael. NDRAppP 38. Her attorney's affidavit supported actual fees and costs of $354 for this appeal. While we do not lightly impose sanctions for invoking the right of appeal, we agree that sanctions are appropriate here. Michael's arguments were repetitious of like arguments in his appeal over restricting visitation. His arguments were so devoid of merit that he should have been aware of the impossibility of success. *United Bank of Bismarck v. Young*, 401 N.W.2d 517 (N.D.1987). Therefore, we assess litigation costs for a frivolous appeal under NDRAppP 38.

We affirm. Upon remand, we direct entry of judgment in favor of Marie and against Michael for litigation costs of $354.

ERICKSTAD, C.J., and GIERKE, VANDE WALLE and LEVINE, JJ., concur.