OPINION OF THE COURT
Muriel Hubsher, J.
Defendant is charged with resisting arrest (Penal Law § 205.30) and two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]) and moves to dismiss the latter two charges for facial insufficiency. Defendant argues that the accusatory instrument is insufficient because it fails to allege facts establishing that he was actually operating the motor vehicle — a necessary element of the crime of driving while under the influence.
The allegations in the instant case indicate that Police Officer Keith Wenstrom found the defendant asleep behind the wheel of a stalled car, in the middle of Coney Island Avenue, with the keys in the ignition. Officer Wenstrom states that he observed that the defendant had the odor of alcohol on his breath, red watery eyes, slurred speech and an unsteady gait. Additionally, the officer indicates that the defendant registered in excess of .10% blood alcohol on a breath analysis test.
This scenario is very different from the legion of cases where a defendant is found intoxicated and asleep in a vehicle which is parked at a curb. Under those circumstances it is quite plausible that such a defendant, after imbibing too much, might merely have stumbled back to his or her car and fallen asleep without ever having actually operated the vehicle. However, when a car is found stalled in the middle of a very busy intersection common sense negates the possibility that it was initially parked there.
In People v Collins (70 AD2d 986 [3d Dept 1979]), defendant was found asleep over the steering wheel of a car stopped in a private driveway with the motor running. The owners of the driveway did not know the defendant. The police observed that the defendant smelled of alcohol, slurred his speech and fumbled while trying to locate his identification papers. Defendant argued that there was no basis for his arrest pursuant to Vehicle and Traffic Law § 1193 because no one had witnessed him operate the vehicle on a public highway — operation on a public highway being a necessary element of the offense. The Court disagreed and held that given that the police had found the defendant with his head upon the steering wheel, with the *525 engine running and the odor of alcohol upon his breath, upon property where he had no permission to be, there existed ample circumstantial evidence from which to infer that the defendant had operated his vehicle on the highway while intoxicated.
This court could find only one case, People v Byrd (NYLJ, Mar. 26, 1992, at 31, col 2 [Crim Ct, Queens County]), in which the court addressed an almost identical issue to that presented herein. The Byrd allegations indicated that the defendant was found seated behind the wheel of a vehicle located in the middle of the street. While the keys were found in the ignition, the engine was off. The defendant exhibited standard indicia of alcohol intoxication. Defendant moved for dismissal for facial insufficiency arguing that the allegations failed to support a conclusion that he had operated the vehicle. The court held that the instrument was facially sufficient and stated: "the factual allegations as set forth are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that the defendant did 'operate’ the van in order for it to have come to rest in the middle of the street and that his drunken status likely caused him to stop the van in so precarious a location. There is reasonable cause to believe that a driver who stops his car and then drinks simply does not stop his vehicle 'in the middle of the street’ in order to commence his liquid pursuits.” (People v Byrd, supra, at 31, col 4.)
In the instant case the defendant alleges that his mechanic was driving the car in question. Defendant claims that after the car stalled, defendant stayed behind with the car while his mechanic went to retrieve a van in an attempt to jump start the vehicle. This depiction of what occurred on the night in question may be entirely accurate, nonetheless, it does not constitute a basis for dismissal for facial insufficiency. Whether or not the defendant was actually driving the car is an issue that must be resolved at trial at which time the defendant will have the opportunity to substantiate his version of the incident. However, the alleged facts, although circumstantial, are sufficient to provide reasonable cause to believe that the defendant was operating the vehicle while in an inebriated condition, thereby allowing the case to proceed to trial. Accordingly, for the reasons stated herein, defendant’s motion to dismiss is hereby denied.