Jerilyn Rae FENSKE, n/k/a Jerilyn Rae Fick, Plaintiff and Appellee,

v.

Paul Alan FENSKE, Defendant and Appellant.

Civ. No. 950196.

Supreme Court of North Dakota.

Jan. 11, 1996.

Lawrence P. Kropp of Kropp Law Office, Jamestown, for defendant and appellant.

Richard D. Varriano, Moorhead, MN, for plaintiff and appellee; argued by Peter B. Crary.

LEVINE, Justice.

Paul Alan Fenske appeals from a judgment and decree granting a divorce to his former spouse Jerilyn Rae Fenske, now known as Jerilyn Rae Fick. We affirm and award Fick $250 in attorney fees and costs.

Fenske and Fick were married in 1990. They had a child in 1991. Citing irreconcilable differences, Fick filed for divorce in August 1993. The parties then separated, and after briefly reconciling in late 1993, separated permanently in January 1994. The trial court rendered its judgment and decree April 10, 1995. It granted the divorce, awarded Fick spousal support and child custody, ordered Fenske to pay child support, and divided the parties' property and debts.

On appeal, Fenske alleges that the trial court violated his right to due process of law by failing to order the recording of closing arguments. Fenske also challenges the trial court's award of spousal support to Fick, and its property valuation and division.

Fenske first argues that the trial court erred in not ordering the court reporter to record the closing arguments. He alleges that the trial court made several statements during the arguments that were inconsistent with its later judgment and decree. Fenske claims that Administrative Rule 39, NDAR, requires the recording of all arguments. He argues that, because this court cannot review a transcript of the closing arguments, he has been denied due process and we should reverse and remand.

The basic due process requirements are notice and a meaningful opportunity for a hearing. *State v. One Black 1989 Cadillac*, 522 N.W.2d 457 (N.D.1994). The first step in raising a constitutional claim is articulation of the specific constitutional provisions violated. *City of Bismarck v. Uhden*, 513 N.W.2d 373 (N.D.1994). Persuasive authority and reasoning must support constitutional claims. *Wisdom v. State ex rel. N.D. Real Estate Com'n*, 403 N.W.2d 19 (N.D. 1987). A party raising a constitutional challenge "should bring up his heavy artillery or forego the attack entirely." *So. Valley Grain Dealers v. Bd. of Cty. Com'rs*, 257 N.W.2d 425, 434 (N.D.1977); *see Eklund v. Eklund*, 538 N.W.2d 182 (N.D.1995).

Fenske relies on the due process clauses of the federal and North Dakota constitutions in making his constitutional argument. He does not claim, however, that he was denied the basic due process rights of notice and hearing. Nor does he provide authority or reasoning explaining his argument that the trial court's failure to order recording of the closing arguments amounted to a due process violation. We conclude that Fenske has failed to articulate or demonstrate any due process violations.

Fenske also claims that the trial court's failure to record the closing arguments violated an administrative rule. Section 2 of Administrative Rule 39 states that "[t]he record of testimony and proceedings of the district court must be preserved using audio-recording devices, video-recording devices, or stenographic shorthand notes."

The content of this section is similar to that of section 27–06–03, NDCC, which laid out the duties of a district court reporter.[1] Section 27–06–03 was superseded by Unified Judicial System Personnel Policy 103R, which gives the court reporter job description.

In *Square Butte Elec. Co-op v. Dohn*, 219 N.W.2d 877 (N.D.1974), we considered whether a trial court's failure to order recording of arguments on a motion was grounds for reversal. The appellant had argued that section 27–06–03 required recording of all proceedings. *Id.* at 884. We disagreed, and held that, when a party fails to request recording of arguments, the "mere failure on the part of the court reporter to make this record does not justify a reversal." *Id.* at 885. We came to a similar conclusion in *State v. Rougemont*, 340 N.W.2d 47 (N.D. 1983), a criminal case, in which we held again that section 27–06–03 did not require recording of all proceedings. In *Rougemont*, the appellant argued that the court reporter's failure to transcribe jury voir dire, opening statements, and closing arguments was per se reversible error. *Id.* at 49. We held that, lacking a request by the party to record these proceedings, or an objection to the lack of recording, failure to record was not reversible error. *Id.* at 51; *see also State v. Kunkel*, 366 N.W.2d 799 (N.D.1985).

The reasoning of the *Rougemont* and *Square Butte* courts in construing section 27–06–03 is applicable here in construing Administrative Rule 39. As we observed in *Rougemont*, 340 N.W.2d at 50, "the common practice probably is not to record" jury voir dire and closing arguments. Administrative Rule 39 allows certain methods ("audio-recording devices, video-recording devices, or stenographic shorthand notes") to be used in recording district court proceedings.[2] It does not impose new requirements on the district courts by requiring the recording of all proceedings absent a request by a party to record or an objection to the failure to record.

■ During oral arguments before us, Fenske's attorney claimed he was not aware the court reporter was not making a record of the closing arguments and that he did not discover that the arguments had not been recorded until he received the transcript. He claimed he did not know he had to instruct the court reporter to record the arguments and that it was too late to object once he discovered the arguments had not been recorded. Even were we willing to give Fenske's attorney the benefit of the doubt on this point because he was an out-of-towner practicing in an unfamiliar court, we would not credit his argument. Our law acknowledges the possibility that proceedings will sometimes not be recorded. Under Rule 10(f), NDRAppP:

> "If no verbatim record of the evidence or proceedings at a hearing or trial was made or a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement must be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments must be submitted to the trial court for settlement and approval and, as settled and approved, must be filed with the clerk of the supreme court by the appellant within 60 days after the notice of appeal is filed."

Fenske's attorney did not follow the procedure outlined by Rule 10(f). He argues that since a record (even if incomplete) was made of these proceedings, the rule does not apply.

1. Now superseded, section 27–06–03, NDCC, provided:
   "Each district court reporter shall attend the district court sessions whenever the appointing judge shall so direct and shall take in shorthand all testimony given orally by the witnesses, all objections and rulings made and exceptions taken, any instructions given orally by the court, and all other proceedings at the hearing or trial not otherwise reduced to writing or as directed by the judge. District court reporters shall perform such other duties relating to the court as the appointing judge directs."

2. Administrative Rule 39, in part, replaces section 27–07.1–15, NDCC, which allowed county courts to use electronic court reporting methods. This section was repealed when the county courts were abolished in January 1995. 1991 N.D. Laws ch. 326, § 203.

His argument is muddled considering that the error he claims is lack of a record. Clearly, no "verbatim record" was made of the closing arguments. Assuming, without deciding, that Fenske's attorney's unfamiliarity with local court procedure is an excuse for his failure to request recording of the closing arguments, there is no excuse for his failure to follow Rule 10(f) to recover what he could of the closing arguments. We will not reverse and remand so he can obtain new material for our review when he could have taken steps to obtain this material by using Rule 10(f).

■ Ultimately, however, even if Fenske could show through transcripts or a Rule 10(f) statement that the trial court's musings during closing arguments were inconsistent with its later findings, we could grant him no relief. "[A] trial court's written findings of fact prevail when a discrepancy exists between those findings and the court's prior memorandum opinion or oral ruling." *Federal Land Bank of St. Paul v. Lillehaugen,* 404 N.W.2d 452, 454 (N.D.1987).

■ Fenske next argues that the trial court erred in valuing and dividing the marital property and in awarding spousal support to Fick. A trial court's spousal support and property division determinations are findings of fact that are subject to the clearly erroneous standard of review. *Fleck v. Fleck,* 427 N.W.2d 355 (N.D.1988). Under this standard, we reverse only if there is no evidence to support a finding or if, upon a review of the entire evidence, we are left with a definite and firm conviction the trial court has made a mistake. *Spooner v. Spooner,* 471 N.W.2d 487 (N.D.1991); *Lippert v. Lippert,* 353 N.W.2d 333 (N.D.1984). A trial court's findings of fact are presumptively correct. *Braun v. Braun,* 532 N.W.2d 367 (N.D.1995); *Heggen v. Heggen,* 488 N.W.2d 627 (N.D. 1992). The complaining party bears the burden of showing that a finding of fact is clearly erroneous. *Smith v. Smith,* 534 N.W.2d 6 (N.D.1995); *Sateren v. Sateren,* 488 N.W.2d 631 (N.D.1992).

On the property division issue, Fenske makes several arguments. He claims the trial court erred in finding a $2,900 check to be marital property, in accepting Fick's valu-

ations for several items of marital property, and in its overall division of the marital estate. We deal with these arguments in turn.

■ Fenske argues the trial court erred in designating a check as marital property and in valuing the parties' marital property. Fenske claims that the only credible evidence on the ownership of the $2,900 check was his testimony that the check belonged to his father. The record shows, however, that the check represented proceeds from the sale of a loader that had been connected to a tractor owned by Fenske and that the check was originally made out jointly to Fick and Fenske. Fenske further claims that the evidence did not support Fick's valuations of the parties' Fargo trailer residence and of the car in her possession. The record shows, however, that both parties testified on the value of these items and explained their valuations. The trial court can better evaluate evidence because it observes the demeanor and credibility of the witnesses, and we do not substitute our judgment for that of the trial court when reasonable record evidence supports its findings. *Mahoney v. Mahoney,* 538 N.W.2d 189 (N.D. 1995); *Schmidkunz v. Schmidkunz,* 529 N.W.2d 857 (N.D.1995). Here, evidence in the record supports the trial court's finding that the check was marital property and its findings on property valuation. These findings are not clearly erroneous.

■ Fenske also argues that the trial court did not divide the marital assets in an equitable manner. In particular, Fenske argues that the trial court did not give proper weight to his claim that he brought considerable assets into the marriage and depleted these assets in support of the marriage. In its oral findings, however, the trial court granted that Fenske had come into the marriage with assets. It also found, however, that Fenske had brought "a lot of debt" into the marriage and that the parties had paid off their individual and marital debts "by commingling everything they had." This finding is supported by evidence in the record.

■ The determination of what is an equitable division of marital assets lies within the discretion of the trial court. *Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979). Here, the trial court awarded Fenske $32,860 in personal property and Fick $15,236 in personal property. Upon a review of the entire evidence, and after considering all of Fenske's claims of trial court error, we hold that the trial court's property division was not clearly erroneous.

■ In addition to dividing the property, the trial court ordered Fenske to pay Fick $100 per month spousal support for no more than twelve months until Fick obtained a full time job. Fenske argues that there was no evidence presented that Fick was disadvantaged by the marriage or that she required rehabilitative support. An award of rehabilitative support is appropriate when a spouse has been disadvantaged by marriage and is in need of support. *Lill v. Lill*, 520 N.W.2d 855 (N.D.1994); *McAdoo v. McAdoo*, 492 N.W.2d 66 (N.D.1992). A trial court may use rehabilitative support to attempt to restore an economically disadvantaged spouse to independent status. *Rustand v. Rustand*, 379 N.W.2d 806 (N.D.1986). Evidence on the record shows that Fick had a full-time job and significant assets when she entered the marriage. She had neither when the marriage ended. It is apparent that the trial court crafted the spousal support award to address the particular detriment Fick suffered due to marriage: loss of full-time employment. In light of the fact that Fick was disadvantaged by the marriage, the trial court's conclusion that rehabilitative support was justified is not clearly erroneous.

■ Fenske also argues that the spousal support award is erroneous in light of the short duration of the marriage and his limited income. In awarding spousal support, the trial court should consider the needs of the disadvantaged spouse and the supporting spouse's ability to pay. *Gronland v. Gronland*, 527 N.W.2d 250 (N.D.1995). While duration of marriage is a factor in determining whether spousal support should be awarded, spousal support is sometimes appropriate even when the marriage was short. *See Lill*, 520 N.W.2d at 855. The marital property division may also be considered in determining spousal support. *Wiege v. Wiege*, 518 N.W.2d 708 (N.D.1994); *Gaulrapp v. Gaulrapp*, 510 N.W.2d 620 (N.D. 1994). Given the nominal amount of support awarded and its limited duration, it is clear that the trial court considered Fenske's ability to pay and the short duration of the marriage. Furthermore, given the disparity in the property division, and the trial court's expressed dissatisfaction with the lack of cash available to award Fick, it is apparent that the court also properly considered this factor. Upon a review of the entire evidence, and after considering all of Fenske's claims of trial court error, we hold that the trial court's spousal support award was not clearly erroneous.

■ Fick requests an award of $250 in attorney fees and costs. We have concurrent jurisdiction with the trial court to award attorney fees on appeal. NDCC § 14–05–23; *Addy v. Addy*, 456 N.W.2d 506 (N.D.1990). Generally, we prefer that the trial court make the initial determination on this question because we are not an evidence gathering body. *Wolfe v. Wolfe*, 391 N.W.2d 617 (N.D.1986) (Levine, J., concurring specially); *see also Routledge v. Routledge*, 377 N.W.2d 542 (N.D.1985). However, we have granted, denied, and modified attorney fee awards on appeal in certain situations. *See United Bank of Bismarck v. Young*, 401 N.W.2d 517 (N.D.1987) [awarding nominal attorney fees without remand]; *Lithun v. DuPaul*, 449 N.W.2d 810 (N.D.1989) [awarding attorney fees on appeal under Rule 38, NDRAppP]; *Fleck v. Fleck*, 79 N.D. 561, 58 N.W.2d 765 (1953) [awarding attorney fees on appeal without remand]; *LaVoi v. LaVoi*, 505 N.W.2d 384 (N.D.1993) [denying attorney fees on appeal without remand]; *Willi v. Willi*, 335 N.W.2d 790 (N.D.1983) [modifying trial court's award of attorney fees]. In this case, Fick has requested minimal attorney fees on appeal. Given the disparity in property division and the need for conserving judicial resources as well as those of the litigants, we grant Fick's request for $250 in attorney fees and costs.

We affirm the trial court's judgment and order Fenske to pay Fick $250 in attorney fees and costs.

VANDE WALLE, C.J., and MESCHKE, NEUMANN and SANDSTROM, JJ., concur.