1998 ND 36

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Adam L. HAGEN, Defendant and Appellant.**

**Criminal Nos. 970172, 970173.**

Supreme Court of North Dakota.

Feb. 12, 1998.

John E. Greenwood, Stutsman County State's Attorney, Jamestown, for plaintiff and appellee.

James A. Wentz, Kropp Law Offices, P.C., Jamestown, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Adam L. Hagen was convicted of two counts of burglary, a Class C felony. N.D.C.C. § 12.1–22–02(1).[1] He appealed the criminal Judgment of the Stutsman County District Court. We affirm.

I

[¶ 2] On December 6, 1996, the Stutsman County Sheriff's Department and Jamestown Police were called to investigate two burglaries. The burglaries were reported by two rural homeowners.

[¶ 3] That same day Adam Hagen, Frank Leingang, and Brenda Adam carried person-al property into the upstairs apartment of Toni Remmick. Remmick lived with her daughter, Brenda Adam, and Brenda's live-in boyfriend, Adam Hagen. Brenda asked her mother if Hagen could store the property in the apartment. Remmick suspected the property was stolen and called the Jamestown Police.

[¶ 4] As a result of the police investigation, Adam Hagen was charged with two counts of burglary. At trial, Hagen's attorney, Mr. Thomas Merrick, advised the court that his client wanted him to call Frank Leingang as a witness. Mr. Merrick interviewed Leingang. With the jury outside the room and in the presence of his client, Mr. Merrick relayed the proposed testimony to the court:

"MR. MERRICK: ... Mr. Leingang indicated that earlier in the day he was with a person by the name of Travis Michael. That is not inconsistent with any of his previous statements. What he then says is that he met up with a person from Fargo nicknamed Scratch. He —— Mr. Leingang indicated that he did not know Scratch's real name. He then stated that he and Scratch committed the burglaries and stored the items in a quonset near the railroad tracks. He then stated that this gentleman nicknamed Scratch returned to Fargo, planning to return later to get his share of the items."

None of the information regarding "Scratch" was previously revealed by either Leingang or Hagen. Mr. Merrick determined the proposed testimony varied significantly from sworn statements Leingang made at his sentencing. Mr. Merrick told the judge he was unwilling to call Leingang because he believed Leingang would testify falsely.

[¶ 5] After this disclosure, the court asked Hagen if he wanted Leingang to testify. Hagen answered, "Yes, I do. He's the only one that knows I'm innocent in this room." Mr. Merrick did not call Leingang to testify. The jury found Hagen guilty on both counts of burglary.

1. The Judgment cites section 12.1–22–01(1), N.D.C.C., the section for robbery. Hagen was charged with and convicted of section 12.1–22–02(1), N.D.C.C., burglary.

## II

[¶ 6] On appeal, Adam L. Hagen claims the court erred in denying his motion for acquittal and argues the evidence does not support the jury verdict. We have examined the record and find these issues to be without merit because there is substantial evidence supporting the jury verdict. *State v. Kunkel,* 548 N.W.2d 773 (N.D.1996) (stating, on appeal, Court's standard of review is whether there is substantial evidence to warrant conviction). We write, however, to consider Hagen's argument that the court committed judicial error by not allowing Frank Leingang to testify.

[¶ 7] Hagen frames the issue as though it was the district court's responsibility to determine whether a potentially perjurous witness was to be called. Hagen suggests an attorney may "wash his hands" of false evidence by putting the onus of whether or not to submit the evidence on the court. In his brief Hagen states:

> "By advising the Court [Mr. Merrick] satisfied his profession [sic] responsibility as mandated by Rule 3.3 of the Rules of Professional Conduct. According to Rule 3.3(b), an attorney *may* refuse to offer evidence that the lawyer believes is false. By disclosing this to the Court, he put the ball in the Court's court. Once this was done, it now is up to the Court to determine whether the evidence should be submitted."

At its best this argument is a mischaracterization of the facts; at its worst the argument shows a misunderstanding of a lawyer's ethical duty to the court and the role of the court.

[¶ 8] Hagen asserts it was the district court who refused to allow Frank Leingang to testify. But our review of the transcript reveals a clear intention on the part of Hagen's attorney, Mr. Merrick, not to call Leingang because he believed the testimony was false. After reciting the factual basis for his decision, Mr. Merrick described his reasoning to the district court:

> "Because of [Leingang's] demeanor at the time he made this statement to me, and because he brought up this person, Scratch, and ... because ... nothing like

that had ever been brought up before — led me to believe that the testimony may be false. Obviously, I have no firsthand knowledge of that, but because of ... Rule 3.3, subsection (b) ... it became my choice to decide ... whether or not to ... call Mr. Leingang as a witness.... I want to make sure that ... you know ... that Mr. Hagen does want Mr. Leingang to testify ... [and] that I am not going to be calling Mr. Leingang as a witness here today."

[¶ 9] Rule 3.3(b) of the North Dakota Rules of Professional Conduct provides "[a] lawyer may refuse to offer evidence that the lawyer believes is false." *Compare Frey v. State,* 509 N.W.2d 261, 264 (N.D.1993) (dealing with an instance where a lawyer advised the defendant not to take the stand in order to present perjured testimony). When dealing with potentially false evidence a lawyer's ethical obligation turns on whether he *knows* or *believes* the evidence is false. *Compare* N.D. R. Prof. Conduct 3.3(a)(2) (stating "[a] lawyer shall not ... [o]ffer evidence that the lawyer knows to be false"), with N.D. R. Prof. Conduct 3.3(b) (stating "[a] lawyer may refuse to offer evidence that the lawyer believes is false"). As we noted in *Frey,* 509 N.W.2d at 264:

> "If a lawyer *knows* evidence to be false, the lawyer *must* refuse to offer it regardless of a client's wishes and regardless of whether it is to be offered by a client or some other person. If a lawyer *believes* such evidence to be false, the lawyer *may* refuse to offer the evidence without violation of the lawyer's ethical duty to represent the client diligently."

(emphasis added) (quoting the comment to Rule 3.3, N.D. R. Prof. Conduct).

[¶ 10] It is the role of trial counsel to determine whether or not to present evidence. *State v. Kunkel,* 366 N.W.2d 799, 801 (N.D.1985). "A lawyer's strategy to avoid offering evidence that he believes will be false does not violate the lawyer's ethical duty to his client." *Frey,* 509 N.W.2d at 264. A lawyer has no duty to present false evidence to a court. *Id.; Tibbs v. U.S.,* 628 A.2d 638, 640 (D.C.App.1993) (stating defense counsel declined to call defendant's

spouse because he knew her proposed testimony was not true). Indeed, if the lawyer knows the evidence is false, he is ethically required not to present the evidence.[2] *Frey,* 509 N.W.2d at 264; *Tibbs,* 628 A.2d at 640–41 (holding as a matter of law an attorney is not ineffective for refusing to present testimony which he knows to be false). In the present case, Mr. Merrick stated he believed Leingang's testimony was false. It was Mr. Merrick, and not the district court, who made the decision not to present false testimony. In fact, at the end of his disclosure to the district court, Mr. Merrick stated, "I'm not asking for a ruling or anything from the Court." We will not second guess his good judgment in this appeal.

[¶ 11] The more troubling component of Hagen's allegation is that by revealing the proposed testimony to the court, Mr. Merrick somehow placed the ball in the district court's court. This is not a case where a court "scared" a potential witness off the stand. *See, e.g., Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972) (reversing a judgment where a judge gave stern warning to sole defense witness about the dangers of perjury and threatened witness that court would personally see witness would be indicted for perjury). Here, the court merely recorded Hagen's wish to call Leingang and Mr. Merrick's rationale for not calling him.

 [¶ 12] Under North Dakota Rule of Evidence 614(a), a trial judge may call a witness, but the decision must be made impartially and with the defendant's right to a fair trial in mind. *State v. Yodsnukis,* 281 N.W.2d 255, 260 (N.D.1979) (citing U.S. Const. Amend. VI; N.D. Const. Art. I, § 13) (stating a trial judge may question witness to ferret out facts as long as he does it impartially). A judge is surely not compelled to present the false testimony an attorney would not offer. It is for trial counsel, not the district court, to decide on trial strategy. *Cf. Kunkel,* 366 N.W.2d at 801;

*State v. Eldred,* 1997 ND 112, ¶ 4, 564 N.W.2d 283.

### III

[¶ 13] The criminal Judgment is affirmed.

[¶ 14] MESCHKE, MARING, NEUMANN and SANDSTROM, JJ., concur.

2. For cases in which the defendant wishes to testify and the defendant's lawyer knows or believes the testimony would be false *see, e.g., Frey v. State,* 509 N.W.2d 261, 264 (N.D.1993) (holding trial counsel was not ineffective in dissuading client from testifying falsely in his own defense); *Tibbs v. U.S.,* 628 A.2d 638, 640 fn. 6 (D.C.App. 1993).