People v Galarza (2025 NY Slip Op 51914(U))

[*1]

People v Galarza

2025 NY Slip Op 51914(U)

Decided on December 5, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Alexander Israel Manobanda Galarza, Defendant

Docket No. CR-024117-25KN

Prosecution: Kings County District Attorney's Office by ADA Bradley Davison
Defendant: The Legal Aid Society by Daniel Levin, esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the accusatory instrument is facially insufficient, rendering their Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is DENIED.
BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint charging Operating a Vehicle While Under the Influence of Alcohol on May 17, 2025 (VTL §§ 1192[1], [2], and [3]). The Prosecution served and filed a Certificate of Compliance and SOR on August 14. On September 16, the parties appeared in Part DWI, where the Court adjourned the case for hearings and trial. On October 21, Defendant filed the instant motion to dismiss.
Defendant argues that the accusatory instrument is facially insufficient because it fails to make out the element of operation, which is essential to all three counts. Specifically, he argues that the allegation that Defendant was found asleep with the engine running offers no indication that he ever moved or intended to operate the vehicle. Thus, he argues the Prosecution's SOR is necessarily faulty, as they could not be ready on a jurisdictionally defective instrument.
The Prosecution argues the accusatory instrument is facially sufficient as to all counts. They point to appellate precedent which stands for the premise that operation is established when the defendant is behind the wheel with the engine running, even absent proof that he was observed driving. They further argue that their SOR was valid to stop the speedy trial clock.

RELEVANT LAW
To be deemed facially sufficient, a misdemeanor information must contain non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offenses charged and, if true, the allegations must establish every element of each offense (see People v Alejandro, 70 NY2d 133, 137 [1987]; CPL §100.40[1]). Reasonable cause exists "when evidence or information which appears reliable discloses facts or circumstances [*2]which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" (CPL §70.10[2]). Facial sufficiency is determined by reviewing the factual portion of the accusatory instrument in conjunction with any supporting depositions. However, the prima facie requirement for the facial sufficiency of an information "is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based upon the proof presented at trial" (People v. Smalls, 26 NY3d 1064, 1066 [2015]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v. Casey, 95 NY2d 354, 360 [2000]). The court must assume that the factual allegations are true and must consider all reasonable inferences that may be drawn from the allegations (CPL §100.15; Alejandro, 70 NY2d at 135; People v Henderson, 92 NY2d 677 [1999]). The court need not negate every other plausible theory when a reasonable view of the facts establishes the offense charged (People v Dumay, 23 NY3d 518, 525-526 [2014]).
VTL §1192(1), Driving While Ability Impaired, provides that "no person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol."
VTL §1192(2), Driving While Intoxicated, per se, provides that "no person shall operate a vehicle while such person has .08 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of § 1194 (Arrest and testing)."
VTL §1192(3), Driving While Intoxicated, provides that "no person shall operate a motor vehicle while in an intoxicated condition."
A statement of readiness is valid only if the prosecution certifies that all counts in the accusatory instrument meet the requirements of CPL §§ 100.15 and 100.40, and those that do not have been dismissed (CPL §30.30[5-a]).
Pursuant to CPL §30.30[1][b], the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz).

ANALYSIS
Defendant's sole contention relates to the element of operation attendant to all three charges of Operating a Vehicle Under the Influence of Alcohol (VTL §§ 1192[1], [2], and [3]). The Court will therefore focus its analysis on that discrete issue. The factual portion of the accusatory instrument makes the following allegations:
The deponent states that, at the above time and place, which is a public highway, the deponent observed the defendant asleep behind the steering wheel in the drivers (sic) seat of a 2012 gray Honda Civic, with Pennsylvania license plate LYK1984 affixed, while the car engine was running with the key in the ignition.
The deponent states that the deponent observed the defendant to have a strong odor of alcohol, slurred speech, bloodshot eyes and an unsteady gait.
The deponent further states that the deponent is informed by the attached chemical test analysis that at the time indicated, the defendant submitted to a chemical test to determine the defendant's blood alcohol concentration with a result of .166% alcohol content.
Although Defendant accurately asserts that the information does not allege any observation of him driving, such proof is not required to show operation for pleading purposes. Operation is made out where a person "intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of the vehicle" (People v Prescott, 95 NY2d 655, 662 [2001] [internal citations omitted]). Here, Defendant was seated in the driver's seat with the keys in the ignition and the engine running on a public highway. Defendant's argument, that there are no additional facts to suggest his intent to drive, is an issue for the trier of fact because, as discussed, operation does not necessarily equal driving. Likewise, whether Defendant was the person who started the engine and under what circumstances are factual issues for trial. The Court may reasonably infer that Defendant got into the vehicle, put the keys in the ignition, and started the engine such that the motive power of the vehicle was engaged before falling asleep. This is sufficient to make out operation for pleading purposes (People v Almanzar, 113 AD3d 527 [2014]; see People v Marriot, 27 AD3d 868 [1971]; People v Williams, 161 Misc 2d 523 [1994]). The Court finds the accusatory instrument facially sufficient as to all counts.
This case commenced with the filing of an accusatory instrument on May 17, 2025. The Prosecution filed a valid SOR on August 14, 2025, stopping the clock at eighty-nine days.
CONCLUSION
Because the Prosecution has not exceeded their ninety-day speedy trial time limit, Defendant's motion to dismiss is denied.
This constitutes the decision and order of the Court.
Dated: December 5, 2025
Brooklyn, NY
Hon. Joshua Glick, JCC