In the Matter of the WELFARE OF S.F., Juvenile.

No. C0-91-1869.

Court of Appeals of Minnesota.

March 17, 1992.

Barbara Nilva Nevin, Milavetz & Associates, Crystal, for appellant.

Albert Frascella, Pro se.

Considered and decided by DAVIES, P.J., and PETERSON and FOLEY*, JJ.

## OPINION

PETERSON, Judge.

S.F.'s mother appeals from a juvenile court order refusing to allow the mother's private attorney to file a petition for termination of parental rights.

### FACTS

S.F.'s mother brought a motion in juvenile court seeking an order that would allow her private attorney to file a petition to terminate the parental rights of S.F.'s biological father. A written consent to termination signed by the father was attached to the petition. The petition for termination

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

states that the mother and her parents have been and will continue to support S.F. financially. The petition and a memorandum submitted in support of it indicate there is a hostile relationship between the mother and father and they are unable to communicate about the best means of raising S.F.

The juvenile court conducted a hearing on the motion. S.F.'s mother was present and prepared to testify at the hearing, but the court felt her testimony was unnecessary. The court stated it did not believe counsel would misstate the facts and concluded it would be appropriate for counsel to make her argument without testimony.

The following facts were stated by counsel during argument. S.F. is four years old. Her father has had no contact with her since she was two and has never provided financial support or expressed an interest in the child. S.F. plans to marry soon, and she wants her future husband to adopt S.F.

The juvenile court concluded good cause to terminate the father's rights had not been shown and refused to promulgate an order allowing the mother's attorney to file the petition. This appeal followed.

## ISSUE

Did the trial court err by refusing to promulgate an order allowing private counsel to file a petition for termination of parental rights?

## ANALYSIS

■ Where the trial court weighs statutory criteria in light of assumed or determined facts, a reviewing court corrects erroneous applications of the law. *Ross v. Ross*, 477 N.W.2d 753, 755 (Minn.App.1991). The trial court's denial of a motion to allow a private attorney to file a petition to terminate parental rights is analogous to the decision to grant a directed verdict. *See Id.* On appeal from a directed verdict, the reviewing court determines as a matter of law whether reported evidence is sufficient to present a fact question. *Id.* at 755–56. De novo review occurs here because all facts supporting the petition are assumed

to be true and there is no occasion for deference to the trial court's assessment of conflicting evidence. *Id.* at 755.

A petition for termination of parental rights shall contain:
> (1) a statement that the child is the subject of a juvenile protection matter and a statement of facts supporting the petition;
>
> (2) the child's name, address and date of birth;
>
> (3) the names and addresses of the child's parents or guardian; and
>
> (4) a citation to the statutory provision on which the petition is based.

*See* Minn.R.Juv.P. 53.02. The petition shall be drafted and filed under the supervision of the county attorney unless the court promulgates an order allowing private counsel to draft and file the petition. Minn.R.Juv.P. 53.01, subd. 1.

The trial court concluded there was not good cause to terminate the father's parental rights and refused to promulgate an order allowing counsel for S.F.'s mother to file the petition. We believe the court applied the wrong standard. If proof of good cause to terminate were required, there would be no need for the preliminary step requiring private counsel to obtain an order allowing the petition to be filed. The only need for a hearing would be to prove the allegations of the petition.

■ To determine the adequacy of a petition for termination of parental rights, the contents of the petition must be examined. If the petition meets the requirements of rule 53.02 and the allegations contained in the petition, if proven, would support a finding that a statutory ground for termination exists, the trial court must allow the filing of the petition. When deciding whether to allow the petition to be filed, the trial court must assume the facts alleged by the petitioner are true.

■ The court may terminate parental rights with the written consent of a parent who for good cause desires termination. Minn.Stat. § 260.221, subd. 1(a) (1990). The statute does not define good cause. In

considering whether good cause exists, our supreme court has stated that a reason for allowing the voluntary termination of parental rights is to facilitate adoption procedures. *In re Welfare of Alle*, 304 Minn. 254, 257, 230 N.W.2d 574, 576 (1975). In refusing to promulgate an order allowing counsel for S.F.'s mother to file the petition, the trial court focused on the lack of an imminent adoption of S.F. We agree the evidence that S.F.'s mother would remarry and S.F. would be adopted by the stepfather was too speculative to support a finding that a statutory ground for termination exists based on adoption. However, imminent adoption is not the only reason for allowing voluntary termination of parental rights. *In re Welfare of D.C.M.*, 443 N.W.2d 853, 854 (Minn.App.1989), *pet. for rev. denied* (Minn. Sept. 21, 1989).

■ The petition alleges the father has had no contact with S.F. for two years and his only involvement in her upbringing is disruptive. The petition also states S.F.'s mother and her parents have supported and will continue to support S.F. financially. These facts taken as true would support a finding of good cause for termination of the father's rights. *See In re Welfare of K.T.*, 327 N.W.2d 13, 17 (Minn.1982) (a parent's lack of contact with child and belief that she could not care for child financially are sufficient to provide good cause under statute).

■ We are mindful that a parent will not be allowed to terminate parental rights solely to avoid obligations of financial support. *See In re Alle*, 304 Minn. at 258, 230 N.W.2d at 577. In this case, however, the father is not attempting to have his rights terminated to avoid his support obligation. Rather, the mother is attempting to have the father's rights terminated because she believes there is good cause for the termination. To the extent there is a concern about S.F.'s financial support, Minn.Stat. § 260.135, subd. 3 (1990) requires that the county be notified of all proceedings for termination of parental rights. The county may then appear at the termination proceeding to protect the state's and the child's interest in financial support.

■ Having determined that the facts alleged in the petition, if proven, would support a finding of good cause, we must next consider whether the petition meets the requirements of rule 53.02. The petition contains the child's name, address and birthdate and the mother's name and address as required by the rule. The petition, however, is deficient because it does not contain the father's name and address. The reason the petition must contain the father's name and address is so he may be notified of the termination proceeding. *See In re Welfare of Barron*, 268 Minn. 48, 53, 127 N.W.2d 702, 706 (1964). Even though the father signed a consent to the termination, given the importance and finality of termination of his rights, he remains entitled to notification of the proceeding to terminate his rights. Because this is a matter of first impression, we decline to apply the requirement retroactively. Instead, we direct the trial court on remand to grant the petitioner leave to amend the petition to include the father's name and address.

■ The petition must also contain a statement of facts supporting the petition. The facts may be set forth in or with the petition, or in supporting affidavits and may be supplemented by sworn testimony of witnesses. Minn.R.Juv.P. 53.03, subd. 2. Here, the facts supporting the petition were set forth in the petition and its accompanying memorandum. S.F.'s mother was prepared to supplement the facts by testifying at the hearing before the trial court. The trial court declined to hear the testimony and instead allowed counsel to state the facts during argument. The trial court's action was inappropriate. Facts may not be developed by argument of counsel. On remand the trial court should either hear the testimony of S.F.'s mother or allow her to submit an affidavit supporting the petition. In deciding this case, we have assumed that the testimony or affidavit of S.F.'s mother will be consistent with the facts stated by counsel. If they differ, the trial court will have to reconsider the issue of whether the facts, taken as true, would

support a finding that a statutory ground for termination exists.

## DECISION

Because the petition for termination of parental rights meets the requirements of Minn.R.Juv.P. 53.02 and the allegations contained in the petition, if proven, would support a finding that a statutory ground for termination exists, the trial court erred by refusing to promulgate an order allowing a private attorney to file the petition.

Reversed and remanded.