Jane GAULRAPP, Plaintiff and Appellee,

v.

David GAULRAPP, Defendant
and Appellant.

**Civ. No. 930194.**

Supreme Court of North Dakota.

Jan. 5, 1994.

Garaas Law Firm, Fargo, for plaintiff and appellee; argued by Jonathan T. Garaas.

Griffeth Law Office, West Fargo, for defendant and appellant; argued by Scott A. Griffeth.

MESCHKE, Justice.

David Gaulrapp appeals from a divorce decree dividing property. We reverse the trial court's distribution of assets and debts, and remand for reconsideration in light of our decision.

Jane and David Gaulrapp were married in 1973 and had three children. Except for temporary layoffs, David worked for J.I. Case and Steiger Tractor during the entire marriage, and earns over eleven dollars an hour. Jane worked at a packaging job for 14 years. After being laid off there in 1991, she began working for a health food outlet, and currently earns less than five dollars an hour.

When Jane filed for divorce in 1992, Jane and David stipulated that Jane would have custody of their two minor sons and that David would pay child support of $300 per month. They could not agree on an equitable division of property.

The trial court found that the total value of the Gaulrapps' assets was $98,261.81. After excluding the value of family gifts during the marriage to Jane of $39,210 and to David of $1,000, the court found that "[t]he parties have a gross marital estate, including real and personal property, of $58,051.81." Of this amount, Jane received $31,466.82 in property and debts of $798.60. David received $26,584.99 in property and debts of $12,738.84. The net property distributed to Jane, including the credit for her gifts, was $69,878.22, and consisted mainly of the debt-free marital residence valued at $56,400. The net amount distributed to David was $14,846.15.

■ David argues that the trial court erred by treating the gifts each received during the marriage as separate property and by excluding their value from the marital estate. He claims that the disparity in the value of property distributed by the court was not adequately explained and, under NDCC 14–05–24, is not an equitable distribution.

Jane responds that the trial court merely considered the source of the property in making an equitable distribution as allowed under the *Ruff–Fisher* guidelines, and that David agreed to treat these gifts as separate property. She further argues that she sought this distribution in lieu of any spousal support.

In a divorce, the trial court must "make such equitable distribution of the real and personal property of the parties as may seem just and proper...." NDCC 14–05–24. In making this distribution, "[t]he trial court must consider all relevant factors and guidelines." *Pfliger v. Pfliger*, 461 N.W.2d 432, 437 (N.D.1990), citing *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952) and *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). "A trial court's determinations on matters of property division are treated as findings of fact and will not be set aside on appeal unless they are clearly erroneous under NDRCivP 52(a), or they are induced by an erroneous conception of the law." *Heley v. Heley*, 506 N.W.2d 715, 718 (N.D.1993), *citing Anderson v. Anderson*, 368 N.W.2d 566, 568 (N.D.1985). Here, the trial court erred by treating gifts as separate property, rather than marital property, and we reverse.

■ In dividing marital property, "the trial court must consider *all* of the real and personal property accumulated by the parties as part of their marital estate, regardless of the source...." *Anderson*, 368 N.W.2d at 568. Separate property, whether inherited or otherwise, must initially be included in the marital estate. *Id.* As we held in *Freed v. Freed*, 454 N.W.2d 516, 520 (N.D.1990), only after all assets are included in the marital estate can a trial court apply the *Ruff–Fisher* guidelines and consider the sources of the property in making an equitable distribution.

■ The origin of the property owned by the parties can be considered by the trial court under the guidelines, *Winter v. Winter*, 338 N.W.2d 819, 822 (N.D.1983), and we have acknowledged that "inherited property should be set aside to the heir where fairly possible." *Olson v. Olson*, 445 N.W.2d 1, 4 (N.D.1989). However, these gifts to Jane were cash, and they were not segregated from other marital assets. The length of the marriage is relevant to the distribution of gifts and inherited property, and redistribution of gifted property may often be equitable in long-term marriages. *Behm v. Behm*,

622

427 N.W.2d 332, 336–37 (N.D.1988). A trial court must apply the guidelines to all of the marital assets in arriving at an equitable division.

Jane suggests the trial court simply applied the guidelines and considered the source of the gifts received during the marriage. However, the court's decision reveals that it treated the gifts received by the Gaulrapps as separate property and excluded their value from the marital estate. The trial court's valuation of the Gaulrapps' gross marital estate is $40,210 less than its valuation of their total assets, corresponding to the amount of gifts. We have reversed property distributions as erroneous where the trial court treated marital assets as separate property. *See Heley,* 506 N.W.2d at 718; *Anderson,* 368 N.W.2d at 569. Excluding values of $40,210 from the marital estate as separate property is clear error in this case as well.

Counsel for Jane argues that David agreed to the treatment of family gifts as separate property. However, David testified "[the gifts] were joint, so it's joint." This testimony contradicts counsel's argument that an agreement existed, and the argument is without merit.

 "A property division need not be equal to be equitable, but a substantial disparity should be explained." *Heley,* 506 N.W.2d at 718. Because of the disparity in their earning power, the trial court might have justified its larger distribution of property to Jane as a substitute for spousal support. Spousal support and property division must often be considered together because a difference in earning power is an important factor for both. *Pfliger,* 461 N.W.2d at 436. However, the trial court incorrectly thought that Jane "appears to have abandoned her claim for spousal support." The only explanation given by the trial court for the substantial disparity in property division was that it "credited ... gifts from her family...." That is clearly erroneous. No other explanation is present. In light of the fact-dependent nature of equitable property distributions, and the erroneous view held by the trial court, we are hesitant to infer anoth-

er reason for the disparate division in this case, and we decline to do so.

We reverse and remand for reconsideration. The trial court on remand is free to adequately explain (if she can) the substantial disparity in the property division, to change the property division to make it equitable, or to award spousal support with an equitable division of property.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.