Larry Ray LINRUD, Plaintiff
and Appellee,

v.

Carlotta Jean LINRUD, Defendant
and Appellant.

Civil No. 960049.

Supreme Court of North Dakota.

July 18, 1996.

Arthur Warren Stokes, Wahpeton, for plaintiff and appellee.

Tom P. Slorby and Kelly Ann Dillon, Minot, for defendant and appellant.

SANDSTROM, Justice.

Larry and Carlotta Linrud were divorced after a 26–year marriage. Carlotta Linrud appeals the district court's property division, contending the district court erred in weighing too heavily each party's financial contri-

bution to the marriage and in failing to consider Larry Linrud's waste of marital assets while the divorce action was pending. Carlotta Linrud also claims the district court erred in ordering her to pay past due child support to Larry Linrud.

We affirm in part, reverse in part, and remand.

## I

Larry and Carlotta Linrud were married on June 13, 1970, and separated in June 1994. They have two children. One attends college, and the other, Christopher, has been living with Larry Linrud since shortly after the parties' separation. Larry Linrud filed for divorce in July 1994.

Carlotta Linrud is a speech therapist and worked outside the home during the majority of the marriage. She had a four-year degree when the parties married, and she later received a Master's Degree. She testified she financially supported the family while Larry went to school during the early years of their marriage. In addition to her career, she contributed to the marriage as a homemaker and mother and by helping in the farming operations when needed. She has not paid any child support to Larry Linrud for Christopher's care since the separation. From 1974 to 1982, Larry Linrud was a partner in an aerial spraying, flight instruction, and airplane sales business in Wahpeton. In 1982, he sold his interest in the business and moved near Velva to farm with his brother.

The district court found the parties began their marriage with no significant assets, but accumulated substantial assets worth about $730,000 through their joint efforts. The district court also found that from 1991 to 1994, Carlotta Linrud had an average salary of about $27,000, and Larry Linrud had an average annual farm income of about $63,000. Based on each party's earnings during the four years before the divorce, the district court awarded Larry Linrud 66 percent of the property and assets, including the entire farm, and Carlotta Linrud 34 percent. The court compensated for Carlotta's contribution to the farming operation by deducting five percent from Larry's income and adding five percent to Carlotta's income from employ-

ment. Carlotta Linrud's share of the marital estate included a cash award of $200,741 plus interest. The court ordered Larry Linrud to assume responsibility for the farm debts.

The district court awarded both parties joint legal custody of Christopher, with Larry Linrud receiving physical custody and Carlotta Linrud receiving liberal visitation. The Court ordered Carlotta Linrud to continue providing Christopher's health insurance and to pay $411 per month in child support, retroactive to August 1, 1994.

Carlotta Linrud appeals, arguing the district court erred in distributing the property based solely on the parties' previous four years' income, in failing to account for Larry Linrud's conversion and diminution of assets, and in ordering retroactive child support.

The district court had jurisdiction under N.D.C.C. § 27-05-06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28-27-01.

## II

Carlotta Linrud contends the district court erred in the property distribution because the court failed to take into account Larry Linrud's waste of marital assets during separation and relied solely on the proportional income of the parties during the previous four years in making the distribution.

## A

■ Carlotta Linrud contends the district court failed to include in the marital estate the value of assets diminished or converted by Larry Linrud. She argues assets worth about $200,000 from the sale of an airplane, a bank account, the sale of grain, and certain crop payments are unaccounted for. She notes Larry Linrud had exclusive access to those accounts and property during the separation.

■ "[O]nly after all assets are included in the marital estate can a trial court apply the Ruff–Fisher [sic] guidelines and consider the sources of the property in making an equitable distribution." *Gaulrapp v. Gaulrapp*, 510 N.W.2d 620, 621 (N.D.1994). On

appeal, Carlotta Linrud, as the complaining party, "bears the burden of showing that a finding of fact is clearly erroneous." *Fenske v. Fenske,* 542 N.W.2d 98, 102 (N.D.1996). The district court "is presumed to have acted correctly and the burden of showing error is on the appellant." *State v. Ash,* 526 N.W.2d 473, 483 (N.D.1995).

Although Carlotta Linrud raised this issue in her "post trial brief," she did not develop the record concerning these alleged missing assets during the divorce litigation. She elicited testimony and offered evidence showing that Larry Linrud had converted assets, but she failed to attempt to trace the assets to accounts or to the purchase of other property. The record must be developed by evidence or testimony that shows a missing asset or, at the very least, a party's failure to locate the asset. Establishing that revenue from the sale of an airplane is no longer in a certain account, without asking where the money is now, does not adequately develop the record. Carlotta Linrud should at least have attempted to trace the assets because that would have allowed the district court to consider the possibility of missing assets, and it would allow us to review the district court's actions.

The marital estate involved ongoing business activities in which marital assets were regularly converted into other marital assets or to a reduction of marital debt. Under such circumstances, the mere fact that an asset has been in some way converted to another form does not necessarily mean the asset has been wasted or the net marital estate has been reduced.

■ Judges are not ferrets. *First Nat. Bank & Trust Co. v. Jacobsen,* 431 N.W.2d 284, 288 (N.D.1988) (quoting *Nicholas Acoustics, Etc. v. H & M Const. Co., Inc.,* 695 F.2d 839, 846–847 (5th Cir.1983)). "When the record does not allow for intelligent and meaningful review of an alleged error, the appellant has not carried the burden of demonstrating reversible error." *Olson v. Griggs County,* 491 N.W.2d 725, 732 (N.D.1992).

Carlotta Linrud has failed to develop an adequate record for this issue and has not carried her burden of showing reversible er-

ror. Nevertheless, because we are remanding for other reasons, the district court, on remand, should give both parties the opportunity to develop further evidence about the allegedly missing assets. *See Bergquist–Walker Real Estate, Inc. v. William Clairmont, Inc.,* 333 N.W.2d 414, 421 (N.D.1983); *Dorgan v. Mercil,* 256 N.W.2d 114 (N.D. 1977); *Irgens v. Mobil Oil Corp.,* 442 N.W.2d 223, 228 (N.D.1989); *Wood v. Krenz,* 392 N.W.2d 395, 399 (N.D.1986).

B

■ Carlotta Linrud contends the district court committed reversible error when it relied solely on the income of the parties in dividing the property.

In its memorandum decision, the district court stated, "The parties placed into the record the tax returns for 1991 through 1994. Thus the Court has access to the income each earned for those years." The district court then added, "Larry contributed about sixty-six percent of the income during those years and Carlotta contributed about thirty-four percent. These are the percentages used in dividing the property."

■ In divorce proceedings, the district court is obligated to "make such equitable distribution of the real and personal property of the parties as may seem just and proper ..." N.D.C.C. § 14–05–24. The district court should follow the Ruff–Fischer guidelines. *Bell v. Bell,* 540 N.W.2d 602, 604 (N.D.1995). The trial court's property division is a finding of fact and will not be set aside on appeal unless it is clearly erroneous. *Bell.* A finding is clearly erroneous when this Court, reviewing the entire record, "is left with a definite and firm conviction a mistake has been made," even if some evidence supports the finding. *Bell* (quoting *van Oosting v. van Oosting,* 521 N.W.2d 93, 96 (N.D.1994)). In reviewing a property distribution, we start with the assumption the property should be divided equally and, while a property division need not be equal to be equitable, the district court must explain any "substantial disparity." *Bell* (quoting *van Oosting* ).

Larry Linrud argues the property division is equitable because it preserves the farm as an economic unit. We recognize the importance of preserving the viability of business operations, such as farms, and the potential for economic hardship should those entities be divided in a divorce. *Heley v. Heley*, 506 N.W.2d 715, 718 (N.D.1993). In addition, discontinuing shared ownership of business assets may reduce conflict between divorced persons. *Heley.* The goal of preserving a business, however, does not call for a windfall for one spouse. Rather, the district court may structure the property division to allow for relative equality in the value of the division without the risks of co-ownership of assets. *See Heley* (upholding distribution of farm assets to one spouse with an offsetting structured monetary award to the other spouse). Even when the value of the property is speculative, the court may award a percentage of future payments. *van Oosting v. van Oosting*, 521 N.W.2d 93, 98 (N.D. 1994).

Generally, a long-term marriage supports an equal property distribution. *See van Oosting* at 99. In this case, awarding twice as much property to Larry Linrud as was awarded to Carlotta Linrud is a substantial disparity requiring explanation. *See Schatke v. Schatke*, 520 N.W.2d 833, 835 (N.D.1994).

We must have some "indication of the rationale of the trial court in distributing the property." *Tuff v. Tuff*, 333 N.W.2d 421, 424 (N.D.1983). The "findings of fact are adequate when they provide us with a clear understanding of the basis of the trial court's decision." *Tuff.* When justification for a substantial disparity is absent from a district court's division, we hesitate to infer an explanation because of "the fact-dependent nature of equitable property distributions." *Gaulrapp v. Gaulrapp*, 510 N.W.2d 620, 622 (N.D.1994).

In its findings of fact, the district court states, "For further information and reasoning in arriving at the values and distribution, see the attached Memorandum of Decision." The memorandum decision notes that the proportional incomes made by each of the parties in the last four years are "the percentages used in dividing the property." The district court did not adequately explain its reasoning for the substantial disparity in this case.

We reverse and remand for the district court to adequately explain the substantial disparity in the division or "to change the property division to make it equitable." *Gaulrapp; Schatke* at 838.

### III

Carlotta Linrud contends the district court erred in assessing her with back child support payments for the time the divorce was pending. She argues Larry Linrud failed to use the statutory remedy for support during the pendency of an action under N.D.C.C. § 14–05–23, and, therefore, he made an affirmative choice to waive his right to support during the action. She also contends retroactive modification of a district court's child support finding is improper.

We will affirm a trial court's child support findings unless they are clearly erroneous. *McDonough v. Murphy*, 539 N.W.2d 313, 319 (N.D.1995).

Carlotta Linrud cites no authority to support her position that Christopher lost his right to support when his father did not seek interim support under N.D.C.C. § 14–05–23.

"A parent of a child is obligated 'to care for, protect, support, educate, give moral guidance to, and provide a home for the child.'" *Hobus v. Hobus*, 540 N.W.2d 158, 161 (N.D.1995) (quoting *Adoption of J.W.M., Matter of*, 532 N.W.2d 372, 379 (N.D.1995)); *see also* N.D.C.C. § 14–09–08 ("Parents shall give their children support and education suitable to the child's circumstances."). Generally, parents are liable to persons who support their children, when the parent does not support the child. N.D.C.C. § 14–08.1–01; *Hobus* at 162.

N.D.C.C. § 14–08.1–01 governs when there is an obligation to support, no court-ordered child support, and no support is paid by the obligated person:

"A person legally responsible for the support of a child under the age of eigh-

teen years who is not subject to any subsisting court order for the support of the child and who fails to provide support, subsistence, education, or other necessary care for the child, regardless of whether the child is not or was not in destitute circumstances, is liable for the reasonable value of physical and custodial care or support which has been furnished to the child by any person."

N.D.C.C. § 14–08.1–01.

District courts have the authority to award past due child support. *K.E.N. by Shasky v. R.C.*, 513 N.W.2d 892, 898 (N.D.1994).

The trial court's assessment of back child support is not clearly erroneous.

### IV

The district court's judgment on child support is affirmed. The district court's judgment on property distribution is reversed and remanded for actions consistent with this opinion.

VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.