1997 ND 91

**Londa L. SCHWARTZ, Plaintiff
and Appellee,**

v.

**Ronald D. SCHWARTZ, Defendant
and Appellant.**

**Civil No. 960321.**

Supreme Court of North Dakota.

May 13, 1997.

Michael J. Maus of Howe, Hardy, Galloway & Maus, PC, Dickinson, for plaintiff and appellee. Submitted on brief.

David F. Senn of Senn Law Office, Dickinson, for defendant and appellant. Submitted on brief.

MESCHKE, Justice.

[¶ 1] Ronald D. Schwartz appealed a divorce decree to challenge the valuation of the marital property as clearly erroneous and the

division of property as inequitable. We affirm.

[¶ 2] After a fifteen-year marriage, Londa sued for divorce from Ronald. They agreed Londa would have custody of their teen-age son, Ronald would have reasonable visitation, and Ronald would pay her $362 per month child support, commencing July 1, 1996, based on his net monthly income of $1,700 as a heavy equipment operator. They also agreed neither spouse would pay spousal support to the other, but they disagreed about some aspects of dividing the marital property.

[¶ 3] After trial, the trial court valued the total marital estate at $139,143, deducted liabilities of $43,767, and found net marital property to be $95,376. The trial court rejected Ronald's arguments that loans totaling $6,100 for the college education of Londa's two prior children were not marital debts, and refused his request for an equal division. Instead, the trial court divided the net property by setting aside values of $65,983 less the $6,100 college debt, or $59,883, to Londa and of $35,493 to Ronald. Ronald appealed.

[¶ 4] When a divorce is granted, a trial court must make an equitable distribution of the property of the marriage partners. NDCC 14-05-24. The court has discretion in applying the *Ruff-Fischer* guidelines to equitably distribute the marital property justly and properly for the facts and circumstances of each marriage. *See Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). As we have often said, *see Wald v. Wald*, 556 N.W.2d 291, 294 (N.D. 1996) and *Spooner v. Spooner*, 471 N.W.2d 487, 491 (N.D.1991), while a property division need not be equal to be equitable, any substantial disparity must be explained. The trial court must first determine the net worth of the marital assets. *Schatke v. Schatke*, 520 N.W.2d 833, 835 (N.D.1994). As we have frequently explained, *see Welder v. Welder*, 520 N.W.2d 813, 815 (N.D. 1994), the trial court's decisions in distributing marital property between the spouses are findings of fact reviewed on appeal under the standard stated in *N.D.R.Civ.P. 52(a):* "Findings of fact, whether based on

oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

■ [¶ 5] Ronald contends the trial court erred in calculating the net value of the marital estate by deducting $6,100 in educational loans used for Londa's now-adult children, even though the trial court assigned this debt for Londa to pay. Ronald insists the two boys were not his, he had no obligation to support them, and it was not fair to make him partly responsible for their college education. Londa responds that "the law requires that all assets be included in the marital estate ..., and this includes the student loans." We believe stepchildren in a household often impact the economics of the marriage. *See* NDCC 14-09-09 (part): "A stepparent is not bound to maintain the spouse's dependent children ..., unless the child is received into the stepparent's family." Then, "the stepparent is liable, to the extent of his or her ability, to support them during the marriage and so long thereafter as they remain in the stepparent's family." *Id.* While these two children are grown and gone, we see nothing erroneous or inequitable in the trial court valuing the marital estate by taking into account debts for the stepchildren's college expenses. In this case, the trial court satisfactorily explained why it made an unequal division.

■ [¶ 6] Ronald contends this division was clearly erroneous, arguing mainly that the reasons given by the trial court were not sufficient to explain the disparity. The trial court explained:

Ronald urges that the origin of the property, even if acquired before the marriage or inherited, is simply one factor to consider in determining equitable division. Ronald's proposal completely ignores the property brought into the marriage by Londa and Londa's contribution of her inheritance toward the purchase of the house. Ronald's proposal also ignores his dissipation of the loan proceeds from his life insurance policy.

Londa proposes that she receive the house, her 401K, personal property and automo-

biles. Londa also proposes to be responsible for the student loans and a loan from Raymond Moen. Londa also requests to be paid the sum of $496.00 concerning the child support deficiency. Ronald would receive all the remaining property and be responsible for all remaining debts. The Court has rejected some of Londa's values, but the Court adopts Londa's basic proposal as a fair and equitable division of the property and debts of the parties considering the pertinent facts and circumstances presented to the Court regarding this case. The Court awards $65,983.00 to Londa and $35,493.00 to Ronald of the $101,476.00 net marital estate. Londa receives $30,490.00 more of the net marital property [before deducting the $6,100 college debt], but the Court believes that this division is equitable after considering the property brought into the marriage of the parties by Londa ... and the $34,000.00 inheritance contributed by Londa toward purchase of the house. Other factors considered by the Court were Ronald's dissipation of the life insurance loan, Ronald's receipt of a much larger retirement account, Londa's agreement to pay the cost of medical insurance for Jason and the overall circumstances and necessities of the parties. Londa needs the marital home to continue to provide a proper home for Jason and to allow him to continue to attend school in New England and to allow her to continue to work in New England. The Court also awards Londa $496.00 concerning the child support deficiency.

In our opinion, the record supports these reasons.

■ [¶ 7] In dividing marital property, a trial court must consider all of the assets accumulated by the spouses during the marriage, regardless of the source. *Gaulrapp v. Gaulrapp,* 510 N.W.2d 620, 621 (N.D.1994). The origin of the property can be considered by the trial court in making the division. *Id.* *See van Oosting v. van Oosting,* 521 N.W.2d 93, 96–99 (N.D.1994) (affirming division to homemaker-spouse in 24–year marriage of 25 per cent of substantial property gifted by and inherited from husband's parents, and reversing failure to make any division of

husband's additional interest in substantial credit trust under his deceased father's will); *Behm v. Behm,* 427 N.W.2d 332, 337 (N.D. 1988) (nearly equal division to homemaker-spouse in 21–year marriage of substantial property inherited from husband's parents not clearly erroneous after "years of marital misconduct, physical abuse, and financial misconduct" by husband). The trial court gave a reasonable explanation for the unequal division in this case.

[¶ 8] We affirm the trial court's decisions in distributing the marital property.

[¶ 9] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.