2017 ND 13

**In the MATTER OF C.D.G.E.**

**J.E., Petitioner and Appellant**

**v.**

**A.P., Respondent**

**No. 20160150**

Supreme Court of North Dakota.

Filed 2/16/2017

Suzanne M. Schweigert, 122 East Broadway Avenue, P.O. Box 460, Bismarck, N.D. 58502–0460, for petitioner and appellant.

A.P., respondent; no appearance.

Tufte, Justice.

[¶ 1] J.E. appeals a district court order denying his petition to terminate A.P.'s parental rights to their child, C.D.G.E. We affirm, concluding the district court did not abuse its discretion by denying the petition where it was not established that denying the petition would seriously affect the child's welfare.

I

[¶ 2] C.D.G.E. was born in 2010. Since 2014, J.E. has had primary residential responsibility of the child. A.P. is obligated to pay monthly child support payments. Because she is currently in arrears, she is prevented from obtaining a driver's license.

[¶ 3] J.E. petitioned the district court to terminate A.P.'s parental rights. With his petition, he submitted an affidavit from A.P. in which she consented to terminating her parental rights. The petition referenced N.D.C.C. § 14–15–19, which applies only "in connection with an adoption action," which was never contemplated here. All further proceedings, including J.E.'s proposed default order, J.E.'s argument at the hearing on the petition, and motion to reconsider, were considered by the parties and the district court under N.D.C.C. § 27–20–45, which governs termination of parental rights where no adoption is pending. At the parental-termination hearing, J.E. argued that A.P. had both (1) abandoned her child and (2) consented to terminating her parental rights. The district court denied the petition without finding on the record whether A.P. had abandoned

the child. In denying J.E.'s petition, the district court found that A.P. had not validly consented to terminating her parental rights. Ultimately, the district court denied the father's petition, concluding the child's welfare would not be served by terminating A.P.'s parental rights.

II

[¶ 4] We begin with the text of N.D.C.C. § 27–20–44, which provides: "The court by order may terminate the parental rights of a parent with respect to the parent's child if [t]he parent has abandoned the child . . . or . . . written consent of the parent acknowledged before the court has been given." The petitioner must establish his allegations in support of parental-rights termination by clear and convincing evidence. In re J.C., 2007 ND 111, ¶ 12, 736 N.W.2d 451 (citing Santosky v. Kramer, 455 U.S. 745, 769, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)). Only if this elevated standard of proof is met does the district court have discretion under the statute to consider whether termination of parental rights would promote the child's welfare. Adoption of K.S.H., 442 N.W.2d 417, 420–21 (N.D. 1989) ("The statute uses the word 'may' which as ordinarily understood in a statute is permissive rather than mandatory and operates to confer discretion."). "The primary purpose of the Uniform Juvenile Court Act is to protect the welfare of the child and, thus, the best interest of the child is one factor to be considered in determining the necessity of terminating parental rights." Interest of D.S., 325 N.W.2d 654, 659 (N.D. 1982). A district court's discretion under the statute is not unlimited. For example, if the evidence establishes that denying a petition to terminate parental rights "would seriously affect [the children's] emotional well being," the district court would err if it denied the petition.

Interest of D.R., 525 N.W.2d 672, 674 (N.D. 1994).

[¶ 5] On appeal, J.E. argues that the district court clearly erred in failing to find both abandonment of their child and consent to termination of A.P.'s parental rights. Although the district court failed to make a finding on abandonment, it found A.P. did not consent to terminating her parental rights. We first address whether the district court erred by finding A.P. did not consent to terminating her parental rights. Only if there was consent do we determine whether the district court abused its discretion in denying J.E.'s petition.

A

[¶ 6] A district court may terminate parental rights if the parent gives "written consent." N.D.C.C. § 27–20–44(1)(d). Whether there was written consent is a finding of fact. The district court found there was not valid consent. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if we are left with a definite and firm conviction a mistake has been made." In re G.R., 2014 ND 32, ¶ 6, 842 N.W.2d 882. The district court had two reasons for finding the mother did not consent to terminating her parental rights. First, it found the record failed to establish the mother was advised that counsel would be provided to her if she could not afford to hire an attorney. Second, it found the mother probably would not have consented had she known she would have had "an ongoing obligation to support the child."

[¶ 7] We are convinced that the district court's finding that A.P. did not validly consent was clearly erroneous. First, the record reflects that she waived her right to legal counsel. Her written-consent affidavit stated she knew she had "the right to legal

counsel" and had "been advised as such." At the hearing, she affirmed she had signed the written-consent affidavit. Although she did not expressly state that she understood she could apply for appointed counsel, an express acknowledgment of this is not required to support the signed, written consent she acknowledged on the record before the district court. This rationale in support of the district court's finding was thus induced by an erroneous view of the law.

[¶ 8] Second, we are convinced after reviewing the record that the district court mistakenly found the mother probably would not have consented had she known she would have had an ongoing obligation to support the child. At the hearing on the petition, the mother confirmed that she was willing to continue to pay child support even if the district court had terminated her parental rights. Continued child support payments are an ongoing obligation, and therefore the mother's stated willingness directly contradicts the district court's finding. We are left with a definite and firm conviction that a mistake was made here, and thus we conclude that the mother consented to terminating her parental rights.

**B**

[¶ 9] Having established the existence of one of the necessary conditions for termination of parental rights, we consider whether the district court abused its discretion by denying J.E.'s petition. A district court exercising its discretion to grant or deny a parental-termination petition is reviewed under the abuse of discretion standard. In re A.L., 2011 ND 189, ¶ 12, 803 N.W.2d 597. The abuse of discretion standard is as follows:

A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law. An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court's decision merely because it is not the one it would have made had it been deciding the motion.

Anderson v. Baker, 2015 ND 269, ¶ 7, 871 N.W.2d 830.

[¶ 10] Where at least one of the required factors is present, a district court does not abuse its discretion in denying a parental-termination petition unless the petitioner establishes that denying the petition would seriously affect the child's welfare. See K.S.H., 442 N.W.2d at 423 (VandeWalle, J., concurring specially). In K.S.H., the grandparents had raised K.S.H. for most of the child's life and sought to adopt the child. Id. at 418. The grandparents petitioned to terminate the father's parental rights, arguing, among other things, that the child "had a feeling of insecurity stemming from the fact that his grandparents had custody while his father maintained parental rights." Id. at 418–19. The district court found the child was deprived under North Dakota law, but it found the deprivation insufficiently justified "cut[ting] the parental bond." Id. at 419–20. The district court denied the petition, and the grandparents appealed to this Court. Id. at 419. On appeal, this Court reasoned that evidence of the child's insecurity was insufficient to establish the child had suffered or was likely to suffer serious harm, because the grandparents had not provided any "expert testimony or other objective indications of harm," such as "sleeplessness, diminished health, decreased school performance and attendance." Id. at 421. Therefore, this Court affirmed the district court, holding the grandparents failed to establish how deny-

ing the petition would negatively affect the child's welfare. Id. ("[W]e do not believe that it has been established that the child has suffered or will probably suffer serious harm if the parental rights of his father are not terminated.").

 [¶ 11] As in K.S.H., the petitioner has failed to establish how denying the petition would negatively affect the child's welfare. At the hearing on his parental-termination petition, J.E. alleged that A.P.'s inconsistent presence in their child's life negatively affects the child. There was no showing how this inconsistency negatively affects the child or how termination would increase consistency. For example, J.E. did not submit any personal observations or expert testimony showing A.P.'s parental inconsistency has resulted in diminished health or behavioral problems. In addition, A.P.'s testimony before the district court indicated that her willingness to terminate her parental rights was driven in part by a desire to reduce or eliminate child support payments or accumulated arrearages. See Hobus v. Hobus, 540 N.W.2d 158, 161 (N.D. 1995) ("Parents may not voluntarily terminate their rights in a child to avoid support payments."). Accordingly, we conclude the district court did not act in an arbitrary, unconscionable, or unreasonable manner in denying J.E.'s petition.

### III

[¶ 12] We affirm, concluding the district court did not abuse its discretion in denying the father's petition to terminate the mother's parental rights.

[¶ 13] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.